```
KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis, Esq. (JL 0056)
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Tel.:  212-430-0800
Fax:   212-430-0810
Attorneys for Defendant
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD TOLEDO BRANDS, INC., | ) |
| Plaintiff, | ) |
| | ) 07 Civ. 9496 (VM)(GWG) |
| - v. - | ) |
| SCHENKER, INC. d/b/a SEA CARGO INTERNATIONAL, | ) ANSWER AND DEFENSES |
| Defendant. | ) |

Defendant Schenker Inc., sued herein as "Schenker, Inc. d/b/a Sea Cargo International," by and through undersigned counsel, as and for its answer to the plaintiff's complaint, alleges upon information and belief as follows:

1.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

1

3.   Defendant admits that it is a corporation or other legal entity organized and existing under the laws of one of the states of the United States and, except as so admitted, denies the allegations in paragraph 3 of the complaint.

4.   Admits the allegations in paragraph 4 of the complaint.

5.   To the extent that the contents of paragraph 5 of the complaint recite legal argument or call for legal conclusions, no response is required of defendant.  To the extent paragraph 5 of the complaint includes factual allegations, defendant admits that the claims raised in the plaintiff's complaint fall within the Admiralty subject matter jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1), and that the plaintiff's claims as pleaded in the complaint constitute Admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, except as so admitted, denies the allegations in paragraph 5 of the complaint.

6.   To the extent that the contents of paragraph 6 of the complaint recite legal argument or call for legal conclusions, no response is required of defendant.  To the extent paragraph 6 of the complaint includes factual allegations, de-

fendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

   7.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

   8.  Admits that defendant was requested to provide, and did provide, assistance to plaintiff in arranging transportation of the subject goods to New York subject to the terms and conditions of a contract or contracts of carriage and, except as so admitted, denies the allegations in paragraph 8 of the complaint.

   9.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

   10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

   11. Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and,

except as so admitted, denies the allegations in paragraph 11 of the complaint.

12.  Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the complaint.

13.  Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the complaint.

14.  Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and, except as so admitted, denies the allegations in paragraph 14 of the complaint.

15. Upon information and belief admits that the subject shipment was delivered to ocean carrier Zim Line and, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Upon information and belief admits that the subject shipment was delivered to ocean carrier Zim Line and, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. To the extent that the contents of paragraph 18 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant. To the extent paragraph 18 of the complaint asserts factual allegations, defendant denies the same.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

## ANSWERING COUNT I

22. Defendant repeats and realleges each and every response contained in paragraphs 1 through 21 above, with the same force and effect as if the same were set forth at length herein.

23. To the extent that the contents of paragraph 23 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant. To the extent paragraph 23 of the complaint asserts factual allegations, defendant admits the existence, terms and conditions of a contract or contracts between plaintiff and defendant with respect to the subject shipment and, except as so admitted, denies the allegations in paragraph 23 of the complaint.

24. To the extent that the contents of paragraph 24 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant. To the

extent paragraph 24 of the complaint asserts factual allegations, defendant admits the existence, terms and conditions of a contract or contracts between plaintiff and defendant with respect to the subject shipment and, except as so admitted, denies the allegations in paragraph 24 of the complaint.

25.  Upon information and belief admits that the subject shipment was delivered to ocean carrier Zim Line and, except as so admitted, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26.  Denies the allegations in paragraph 26 of the complaint.

### ANSWERING COUNT II

27.  Defendant repeats and realleges each and every response contained in paragraphs 1 through 26 above, with the same force and effect as if the same were set forth at length herein.

28.  Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and,

except as so admitted, denies the allegations in paragraph 28 of the complaint.

29.  Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and, except as so admitted, denies the allegations in paragraph 29 of the complaint.

30.  The allegations in paragraph 30 of the complaint are directed at parties or persons other than defendant.

31.  To the extent that the contents of paragraph 31 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant.  To the extent paragraph 31 of the complaint asserts factual allegations, defendant denies the same.

32.  Denies the allegations in paragraph 32 of the complaint.

### ANSWERING COUNT III

33.  Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 above, with the same force and effect as if the same were set forth at length herein.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Admits that at, around and after the time of events described in the complaint, multiple correspondence passed between plaintiff, defendant and/or other persons concerning the circumstances attending the subject shipment and, except as so admitted, denies the allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

### ANSWERING COUNT IV

39. Defendant repeats and realleges each and every response contained in paragraphs 1 through 38 above, with the same force and effect as if the same were set forth at length herein.

40. To the extent that the contents of paragraph 40 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant. To the

extent paragraph 40 of the complaint asserts factual allegations, defendant denies the same.

41. Denies the allegations in paragraph 41 of the complaint.

42. To the extent that the contents of paragraph 42 of the complaint recite legal argument or call for legal conclusions, no response is required of answering defendant. To the extent paragraph 42 of the complaint asserts factual allegations, defendant denies the same.

43. Denies the allegations in paragraph 43 of the complaint.

### ANSWERING COUNT V

44. Defendant repeats and realleges each and every response contained in paragraphs 1 through 43 above, with the same force and effect as if the same were set forth at length herein.

45. Denies the allegations in paragraph 45 of the complaint.

46. Denies the allegations in paragraph 46 of the complaint.

47. Denies the allegations in paragraph 47 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are governed by the provisions of certain treaties, statutes, codes and other applicable laws which provide <u>inter alia</u> for the limitation or exclusion of any liability on the part of defendant on account of the matters stated in the complaint, and defendant claims and pleads the benefits of all such statutes, codes, treaties and laws, including without limitation the United States Carriage of Goods by Sea Act of 1936.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are prescribed and governed by the terms and conditions of certain contracts, including but not limited to bills of lading, booking notes, tariffs, mate's receipts, service agreements, stevedoring agreements, handling agreements, which contracts were in force as to the subject shipment at all times material to plaintiff's claim, and which provide <u>inter alia</u> for the exclusion or limitation of defendant's liability, if any, for the matters alleged in plaintiff's complaint, and defendant claims and pleads all rights, defenses and benefits afforded it, directly or indirectly, under all such contracts and/or agreements.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the alleged damages and plaintiff's claims must be reduced or dismissed accordingly.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The damages alleged in the complaint were caused, in whole or in part, by the negligent and/or willful acts and/or omissions of, or breach of contract by, plaintiff, or persons whose fault and/or neglect are attributable to plaintiff, with no fault or neglect of defendant contributing thereto.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to damages on account of the matters alleged in the complaint, which is denied, such damages were caused in whole or in part by the negligent and/or willful acts and/or omissions of, or breach of contract by, persons, entities or instrumentalities over whom defendant had and has neither supervision nor control, and whose acts and/or omissions are not chargeable to defendant, with no fault or neglect of defendant contributing thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The liability of defendant, if any, for the matters alleged in plaintiff's complaint is limited to $500.00 (five hundred United States Dollars) per package, and $500.00 per cus-

tomary freight unit in the case of goods not shipped in packages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations or other applicable time limit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the equitable doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The matters alleged in the complaint are governed by United States Maritime Law, which bars or limits some or all of plaintiff's claims.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy a condition or conditions precedent to recovery against defendant on the matters alleged in the complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed as plaintiff has failed to join an indispensable party or parties.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The matters described in the complaint were the proximate result of a *Force Majeure*, with no fault or neglect of defendant contributing thereto.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The matters described in the complaint are subject to an accord and satisfaction.

WHEREFORE defendant Schenker, Inc. demands judgment dismissing the plaintiff's complaint in all respects, granting defendant the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 12, 2007

```
                                KENNEDY LILLIS SCHMIDT & ENGLISH
                                Attorneys for Defendant


                                By: s/John T. Lillis, Jr.
                                    John T. Lillis (JL 0056)
                                    75 Maiden Lane, Suite 402
                                    New York, New York 10038-4816
                                    Telephone:  212-430-0800
                                    File:  5251
```

```
TO:    COOPER, BROWN & BEHRLE, P.C.
       Attorneys for Plaintiff
       OLD TOLEDO BRANDS, INC.
       331 Madison Avenue, 2nd Floor
       New York, New York  10017
       Telephone:  212-957-9000
       Facsimile:  212-843-9191

       Attention:  Sandra G. Behrle, Esq. (SB 4652)
```

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 12th day of November, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

  COOPER, BROWN & BEHRLE, P.C.
  Attorneys for Plaintiff
  OLD TOLEDO BRANDS, INC.
  331 Madison Avenue, 2nd Floor
  New York, New York  10017
  Telephone:  212-957-9000
  Facsimile:  212-843-9191

  Attention:  Sandra G. Behrle, Esq. (SB 4652)

on this the 12th day of November , 2007.

          <u>s/ John T. Lillis, Jr.</u>
          John T. Lillis, Jr.