KENNEDY LILLIS SCHMIDT & ENGLISH
Thomas M. Grasso (TG 3737)
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Tel.:  212-430-0800
Fax:  212-430-0810
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD TOLEDO BRANDS, INC., | |
| Plaintiff, | 07 Civ. 9496 (VM)(GWG) |
| - v. - | |
| SCHENKER, INC. d/b/a SEA CARGO INTERNATIONAL, | FIRST AMENDED ANSWER AND DEFENSES |
| Defendant. | ECF CASE |

Defendant Schenker, Inc., sued herein as "Schenker, Inc. d/b/a Sea Cargo International," by and through undersigned counsel, as and for its first amended answer to the plaintiff's complaint, alleges upon information and belief as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

1

3. Defendant admits that it is a domestic New York corporation with a principal executive office located at 150 Albany Avenue, Freeport, New York 11520; and admits that its registered agent is CT Corporation System, 111 Eighth Avenue, New York, New York 10011; and, except as so admitted, denies the allegations in paragraph 3 of the complaint.

4. Admits the allegations in paragraph 4 of the complaint.

5. Admits that the allegations of Counts III and IV of plaintiff's complaint may fall within the Admiralty subject matter jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1), and that the allegations of Counts III and IV of plaintiff's complaint as pleaded in the complaint may constitute Admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, except as so admitted, denies the allegations in paragraph 5 of the complaint.

6. Denies that venue is proper in this district.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Admits that defendant was requested to provide, and did provide, services in connection with the subject goods subject to Schenker, Inc.'s Standard Terms and Conditions of Service and, except as so admitted, denies the allegations in paragraph 8 of the complaint.

9. Denies the allegations in paragraph 9 of the complaint.

10. Admits that the Shipment's original Estimated Time of Arrival in New York was on or about September 19, 2006 but, except as so admitted, denies the allegations in paragraph 10 of the complaint.

11. Admits that CEI Logistics asked Old Toledo Brands to approve a booking of the Shipment with CMA-CGM and that Old Toledo Brands authorized the booking, in writing, to CEI Logistics and, except as so admitted, denies the allegations in paragraph 11 of the complaint.

12. Admits that, subsequent to receiving authority to book the Shipment with CMA-CGM, CEI Logistics recommended that the Shipment be booked with Zim Lines because Old Toledo Brands' suppliers/manufacturers did deliver get the goods comprising the Shipment to the load port in time to be loaded to the originally intended CMA vessel, and because of weather difficulties, port

congestion, vessel loading cut-off dates, and favorable Zim vessel Estimated Times of Arrival at New York. Except as so admitted, denies the allegations in paragraph 12 of the complaint.

13. Admits that Old Toledo suggested that alternatives to booking the Shipment to Zim Lines be sought including Maersk Lines and, except as so admitted, denies the allegations in paragraph 13 of the complaint.

14. Admits that on August 21, 2006, Mr. Michael Bodack of Schenker, Inc. sent an email to CEI Logistics asking whether Zim Lines was a viable alternative to Maersk and/or CMA and, except as so admitted, denies the allegations in paragraph 14 of the complaint.

15. Admits that the subject Shipment was booked with carrier Zim Lines and, except as so admitted, denies the allegations in paragraph 15 of the complaint.

16. Admits that the subject Shipment was booked with carrier Zim Lines and loaded to a vessel in Karachi, Pakistan for carriage to New York and, except as so admitted, denies the allegations in paragraph 16 of the complaint.

17. Admits that the Shipment was delivered at New York subsequent to its original Estimated Time of Arrival and,

except as so admitted, denies the allegations in paragraph 17 of the complaint.

18. Denies the allegations of paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint.

## ANSWERING COUNT I

22. Defendant repeats and realleges each and every response contained in paragraphs 1 through 21 above, with the same force and effect as if the same were set forth at length herein.

23. Admits that defendant provided services concerning the Shipment subject to Schenker, Inc.'s Standard Terms and Conditions of Service and, except as so admitted, denies the allegations in paragraph 23 of the complaint.

24. Admits that defendant provided services concerning the Shipment subject goods to New York subject to Schenker, Inc.'s Standard Terms and Conditions of Service and, except as so admitted, denies the allegations in paragraph 24.

25. Admits that defendant provided services concerning the Shipment subject to Schenker, Inc.'s Standard Terms and Conditions of Service, and that the subject Shipment was booked with Zim Lines, and except as so admitted, denies the allegations in paragraph 25 of the complaint.

26. Denies the allegations in paragraph 26 of the complaint.

<u>ANSWERING COUNT II</u>

27. Defendant repeats and realleges each and every response contained in paragraphs 1 through 26 above, with the same force and effect as if the same were set forth at length herein.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

30. Denies the allegations in paragraph 29 of the complaint.

31. Admits that the Shipment arrived in New York on a date subsequent to its original Estimate Time of Arrival and, except as so admitted, denies the allegations in paragraph 31 of the complaint.

32. Denies the allegations in paragraph 32 of the complaint.

## ANSWERING COUNT III

33. Defendant repeats and realleges each and every response contained in paragraphs 1 through 32 above, with the same force and effect as if the same were set forth at length herein.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Denies the allegations in paragraph 36 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

ANSWERING COUNT IV

39. Defendant repeats and realleges each and every response contained in paragraphs 1 through 38 above, with the same force and effect as if the same were set forth at length herein.

40. Denies the allegations of paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 of the complaint.

42. Denies the allegations in paragraph 41 of the complaint.

43. Denies the allegations in paragraph 43 of the complaint.

ANSWERING COUNT V

44. Defendant repeats and realleges each and every response contained in paragraphs 1 through 43 above, with the same force and effect as if the same were set forth at length herein.

45. Denies the allegations in paragraph 45 of the complaint.

Case 1:07-cv-09496-VM-GWG   Document 18   Filed 02/29/2008   Page 8 of 17

46. Denies the allegations in paragraph 46 of the complaint.

47. Denies the allegations in paragraph 47 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The damages alleged in the complaint were caused, in whole or in part, by the negligent and/or willful acts and/or omissions of, or breach of contract by, plaintiff, and/or persons whose fault and/or neglect are attributable to plaintiff, with no fault or neglect of defendant contributing thereto.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. If plaintiff is entitled to damages on account of the matters alleged in the complaint, which is denied, such damages were caused in whole or in part by the negligent and/or willful acts and/or omissions of, or breach of contract by, persons, entities or instrumentalities over whom defendant had and has neither supervision nor control, and whose acts and/or omissions are not chargeable to defendant, with no fault or neglect of defendant contributing thereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. Some or all of plaintiff's claims are barred by the applicable statutes of limitations or other applicable time limit.

### AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

51. Some or all of plaintiff's claims are barred by the equitable doctrine of laches.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff's action must be dismissed as plaintiff has failed to join an indispensable party or parties.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53. The matters described in the complaint were the proximate result of a *Force Majeure*, with no fault or neglect of defendant contributing thereto.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54. The matters described in the complaint are subject to an accord and satisfaction.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

55. The rights and liabilities of the parties hereto are prescribed and governed by the terms and conditions of certain contracts, including but not limited to the Schenker,

Inc. Terms and Conditions of Service which was in force as to the subject Shipment at all times material to plaintiff's claim, and which provides <u>inter alia</u> for the exclusion or limitation of defendant's liability, if any, for the matters alleged in plaintiff's complaint, and defendant claims and pleads all rights, defenses and benefits afforded it, directly or indirectly, under all such contracts and/or agreements.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56.  While defendant denies that it selected the third parties who forwarded or transported the goods, in the event that the Court shall find it did, then pursuant to paragraph 4 of Schenker, Inc.'s Terms and Conditions of Service, Schenker, Inc. shall under no circumstances be liable for any delay to the goods for any reason whatsoever when the goods are in custody, possession or control of third parties selected by Schenker, Inc. to forward, transport or render other services with respect to the goods.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57. Pursuant to paragraph 10 of Schenker, Inc.'s Terms and Conditions of Service, Schenker, Inc.'s liability for delay, if any, shall be limited to $50.00 per shipment.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11

58. Pursuant to paragraph 10 of Schenker, Inc.'s Terms and conditions of Service, Schenker, Inc. shall, in no event, be liable for consequential, indirect, incidental, punitive, statutory or special damages even if it has been put on notice of the possibility of such damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff is not the real party in interest.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to mitigate the alleged damages and plaintiff's claims must be reduced or dismissed accordingly.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61. The conditions which plaintiff complains caused it to incur its alleged damages, the existence of which are denied, occurred before risk of loss in the goods passed to plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, the matters alleged in the complaint are governed by United

States Maritime Law, which bars or limits some or all of plaintiff's claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, the rights and liabilities of the parties hereto are governed by the provisions of certain treaties, statutes, codes and other applicable laws which provide <u>inter alia</u> for the limitation or exclusion of any liability on the part of defendant on account of the matters stated in the complaint, and defendant claims and pleads the benefits of all such statutes, codes, treaties and laws, including without limitation the United States Carriage of Goods by Sea Act of 1936.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, the rights and liabilities of the parties hereto are prescribed and governed by the terms and conditions of certain contracts, including but not limited to the Sea Cargo International Bill of

Lading Terms and Conditions, the Seth Shipping Sea Waybill Terms and Conditions, booking notes, tariffs, mate's receipts, service agreements, stevedoring agreements, handling agreements, which contracts were in force as to the subject shipment at all times material to plaintiff's claim, and which provide inter alia for the exclusion or limitation of defendant's liability, if any, for the matters alleged in plaintiff's complaint, and defendant claims and pleads all rights, defenses and benefits afforded it, directly or indirectly, under all such contracts and/or agreements.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, defendant Schenker, Inc. is an intended beneficiary of the Seacargo International and/or Seth Shipping Bills of Lading as per its Himalaya Clause and is therefore entitled to all rights, defenses, terms and conditions contained therein.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

66. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by

14

Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 7 of the Seacargo International Bill of Lading, Schenker, Inc. is entitled to subcontract on any terms the whole or any part of the carriage, undertakes to procure such services as necessary and shall have the right at its sole discretion to select any mode of transport and to arrange participation by any carrier to accomplish the combined transport from place of receipt to place of delivery.

### AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

67.   In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 12 of the Sea Cargo International Bill of Lading, the scope of the contract voyage includes calling at any port and stopping for repairs to the vessel.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68.   In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 12 of the Sea Cargo International Bill of Lading, no carrier is bound to transport the shipment by any

15

particular vessel or other means of conveyance, or in time for any particular market or otherwise.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

69. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 12 of the Sea Cargo International Bill of Lading, no carrier shall be liable for delay and any carrier shall have the right to forward the goods by substitute carrier.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

70. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 19 of the Sea Cargo International Bill of Lading, goods shut out from the vessel named in the bill of lading for any cause may be forwarded on a subsequent vessel at carrier's option on a vessel of another line.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

71. In the alternative, if it is adjudged by this Court that Schenker, Inc. is a carrier as that term is understood pursuant to the United States Carriage of Goods by

Sea Act, 46 U.S.C. § 1301 et seq., which Schenker, Inc. denies, pursuant to paragraph 24 of the Sea Cargo International Bill of Lading, the carrier shall not be liable for any consequential or special damages.

WHEREFORE defendant Schenker, Inc. demands judgment dismissing the plaintiff's complaint in all respects, granting defendant the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 29, 2008

                                KENNEDY LILLIS SCHMIDT & ENGLISH
                                Attorneys for Defendant


                                By: s/Thomas M. Grasso.
                                    Thomas M. Grasso (TG 3737)
                                    75 Maiden Lane, Suite 402
                                    New York, New York 10038-4816
                                    Telephone: 212-430-0800
                                    File: 5251

TO:  COOPER, BROWN & BEHRLE, P.C.
     Attorneys for Plaintiff
     OLD TOLEDO BRANDS, INC.
     331 Madison Avenue, 2nd Floor
     New York, New York  10017
     Telephone:  212-957-9000
     Facsimile:  212-843-9191
     Attention:  Sandra G. Behrle, Esq. (SB 4652)